# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | **CASE NO. 1:22-cr-44** |
| ) | |
| v. ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| **MICHAEL WHITE,** ) | |
| ) | |
| Defendant. ) | **OPINION AND ORDER** |
| ) | |

Before the Court is Defendant Michael White's Appeal of the Magistrate Judge's Detention Order and Request for Immediate Release with Conditions (the "Appeal"). ECF Doc. 18. The Government filed an opposition memorandum. ECF Doc. 19 For the following reasons, the Magistrate Judge's detention order is **AFFIRMED**, and White's request for pre-trial release with conditions is **DENIED**.

**I.    BACKGROUND**

On February 17, 2022, Defendant Michael White was charged with one count of Conspiracy to Commit Interstate Transportation of Stolen Property, in violation of 18 U.S.C. §§ 371, 2314, and one count of Interstate Transportation of Stolen Property, in violation of 18 U.S.C. § 2314. ECF. Doc. 1. At arraignment, the Government moved for detention pending trial, and Magistrate Judge Jonathan Greenberg ordered a detention hearing. ECF Minutes, Mar. 1, 2022.

White appeared before Magistrate Judge Greenberg for his detention hearing nine days later. ECF Minutes, Mar. 9, 2022. The Government argued that White should be detained pending trial because his criminal history, his two prior failures to appear, and his interstate crimes strongly suggested that no condition or combination of conditions could reasonably assure that White would

appear as required. ECF Doc. 17, Detention Hrg. Tr. at 11-13. The Government further noted that White's only ties to the community were the instant offenses. *Id.* at 15. White's defense counsel requested that Magistrate Judge Greenberg order house arrest and/or electronic monitoring instead of detention. *Id.* at 13-14. Defense counsel also explained that White was planning to reside with a friend in the Cleveland area and to seek employment with a restaurant. *Id.* at 15.

On March 16, 2022, Magistrate Judge Greenberg issued an order of detention. ECF Doc. 13. In the detention order, Magistrate Judge Greenberg concluded the Government proved by a preponderance of the evidence that White posed a serious risk of flight because of his criminal history, his prior failures to appear, his history of criminal activity while under supervision, his unstable living situation, his lack of employment, his lack of community ties, and his multi-state convictions. *Id.* at 2.

White now brings the instant Appeal to challenge Magistrate Judge Greenberg's detention order. ECF Doc. 18. The Court has reviewed the parties' arguments and concludes that Magistrate Judge Greenberg was correct to order pre-trial detention.

**II. ANAYLSIS**

    **A.** <u>**The Detention Hearing**</u>

White first argues that Magistrate Judge Greenberg erred by holding a detention hearing at all. ECF Doc. 18 at 3-6. According to White, detention hearings are authorized only when the Government can establish that one of the seven factors listed in 18 U.S.C. § 3142(f) are met, and those factors must be read narrowly to allow for detention hearings in only limited circumstances. *Id.* (citing *United States v. Salerno*, 481 U.S. 739 (1987)). Thus, White maintains that a detention hearing was improper here because the Government had not established that any of the seven factors applied to him when requesting the detention hearing. ECF Doc. 18 at 6.

The Court finds this argument to be without merit. Magistrate Judge Greenberg was statutorily required to hold a detention hearing if there was a possibility that White posed a serious flight risk. 18 U.S.C. § 3142(f)(2). As the Government correctly points out, White's alleged crimes alone raise the specter of a serious flight risk because he was charged with burglarizing electronics stores in five other states and then transporting the stolen goods to Cleveland to sell for profit. *See* ECF Doc. 19 at 3. Thus, the Government had a reasonable basis to request a detention hearing, and Magistrate Judge Greenberg was obligated to assess the seriousness of the flight risk. While White's argument about the overuse of detention hearings may be valid in the abstract, a detention hearing was appropriate here.

**B.**     **The Detention Order**

White next argues that the detention order is improper because he does not pose a *serious* risk of flight, but rather an *ordinary* risk of flight. ECF Doc. 18 at 6-10. White maintains that Section 3142 requires pretrial detention only when the defendant poses an "'extreme and unusual' risk of willfully fleeing," but the Government failed to make its required showing that White poses an unusual flight risk. *Id.*

The Court has reviewed Magistrate Judge Greenberg's conclusion that White poses a serious risk of flight *de novo*. 18 U.S.C. § 3145; *see also United States v. Mason*, 20-cr-287, 2020 WL 5096306, at *3-4 (N.D. Ohio Aug. 28, 2020) (explaining that a criminal defendant may seek *de novo* review of a magistrate judge's detention order by the district court with original jurisdiction over the action); *accord United States v. Gonzales*, 149 F.3d 1192 (10th Cir. 1998) (affirming judgment of district court that employed *de novo* standard of review).

 In conducting *de novo* review of a detention order, a district court must consider the following factors to determine whether any condition or combination of conditions can reasonably

assure the defendant's appearance: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristic, including his character, family ties, community ties, employment, past record of failure to appear, and probationary status at the time of the offense; and (4) the nature and seriousness of the danger posed by the defendant's release.[*] 18 U.S.C. § 3142(g). The Government bears the burden to establish by a preponderance of the evidence that the defendant poses a serious flight risk. *United States v. Stone*, 608 F.3d 939, 946 (6th Cir. 2010).

Upon independent review of the parties' submissions, the detention order, the transcripts of the detention hearing, and the pre-trial reports, the Court concludes Magistrate Judge Greenberg was correct that White poses a serious risk of flight. Application of the relevant Section 3142(g) factors confirms this determination.

First, the nature and circumstances of the offenses charged weigh in favor of pre-trial detention. As discussed above, White is charged with transporting stolen goods across state lines after committing burglaries in five other states. ECF Doc. 1. Thus, as the Government correctly notes, White's crimes involve interstate travel, which demonstrate that White is mobile and willing to leave the jurisdiction.

Next, the weight of the evidence against White weighs in favor of pre-trial release. At this early stage of the case, the Court is unfamiliar with the strength of the Government's case against White. Accordingly, the Court cannot assess the strength of this factor and, because Section 3142

---

[*]The Government has not argued that White poses a danger to the community if he is released pret-trial, and Magistrate Judge Greenberg's detention order is, thus, not predicated on White's serious risk of endangering others' safety. *See* ECF Doc. 17, Detention Hrg. Tr. at 15; ECF Doc. 13 at 2. Accordingly, the Court cannot address Section 3142(g)'s fourth factor—*i.e.*, the danger posed by a defendant's pre-trial release—because there have been no arguments or findings relevant to this factor.

expresses a preference for pre-trial release, the Court will consider this factor as weighing in White's favor.

Finally, White's history and characteristics strongly weigh in favor of pre-trial detention. Most notably, White has previously been deemed a fugitive from justice on two separate occasions, once in Alabama and once in Ohio. ECF Doc. 19 at 4. This history of failing to appear alone signals that White poses a serios risk of flight beyond that of the typical criminal defendant. Additionally, the likelihood of White's potential flight is further bolstered by his lengthy criminal history. At 36 years old, White has at least thirteen convictions from six different states: Alabama, Georgia, Indiana, New Jersey, New York, and Ohio. *See* ECF Doc. 19 at 4; *see also* ECF Doc. 17, Detention Hrg. Tr. at 12. And he has committed five of these offenses while he was on probation with the State of Georgia. ECF Doc. 17, Detention Hrg. Tr. at 16. The Government has clearly demonstrated White's pattern of traveling the country to commit an unrelenting series of property crimes, which have escalated in seriousness despite being subjected to Georgia's supervision. The Court has no confidence that White would abide by any conditions it may impose given this history. Moreover, White has no ties to the Cleveland community: he has only recently taken up residence in Ohio after he was released from prison on a separate offense; he has no family in the area; his only daughter resides in New York; he does not have employment in Ohio; and he plans to live with a friend if released. ECF Doc. 19. Taken together, White's prior history and characteristics demonstrate a strong likelihood that he will flee if granted pre-trial release.

Thus, the applicable Section 3142 factors weigh in favor of pre-trial detention, and White's arguments to the contrary do not alter the conclusion that pre-trial detention is warranted. Even accepting White's proposition that pre-trial detention is reserved for "extreme and unusual" flight risks, the Court finds that the Government has established White falls within that category of

defendants. Accordingly, White poses a serious risk of flight, which warrants pre-trial detention. *See, e.g.*, *United States v. Kelly*, 792 F. Supp. 2d 1166, 1169-70 (D.N.M. 2011) (denying modification of detention order, in part, because defendant's "mobile lifestyle" and unstable relationships posed a serious risk of flight); *United States v. Scales*, 344 F. Supp. 2d 213, 217 (D. Me. 2004) (ordering pre-trial detention where the defendant's attempts to elude law enforcement, history of failing to comply with court orders, and prior violations s of community supervision tipped the balance in favor of detention).

**III. CONCLUSION**

For the above reasons, the Court concludes there are no conditions or combination of conditions that can reasonably ensure White will return as required for these proceedings. Accordingly, Magistrate Greenberg's detention order (ECF Doc. 13) is **AFFIRMED**, and White's request for pre-trial release with conditions (ECF Doc. 18) is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster March 31, 2022*
**Dan Aaron Polster**
**United States District Judge**